IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| ROBERT GATTIS, | § | |
| | § | |
| Defendant Below, | § | No. 498, 2024 |
| Appellant, | § | |
| | § | Court Below—Superior Court |
| v. | § | of the State of Delaware |
| | § | |
| STATE OF DELAWARE, | § | Cr. ID No. 90004567DI (K) |
| | § | |
| Appellee. | § | |

Submitted: February 26, 2025
Decided: April 3, 2025

Before **VALIHURA**, **TRAYNOR**, and **LEGROW**, Justices.

## ORDER

Upon consideration of the appellant's opening brief, the appellee's motion to affirm, and the record below, it appears to the Court that:

(1) The appellant, Robert Gattis, filed this appeal from a Superior Court order denying his motion for issuance of a new sentencing order reflecting his election to be sentenced under the pre-Truth-in-Sentencing Act provisions of Title 11.[1] The State of Delaware has moved to affirm the Superior Court's judgment on the ground that it is manifest on the face of Gattis's opening brief that the appeal is without merit. We agree and affirm.

---

[1] Among other things, the Truth-in-Sentencing Act of 1989 ("TIS Act") eliminated parole for Title 11 and Title 16 offenses. *State v. Barnes*, 116 A.3d 883, 884 (Del. 2015).

(2)     In 1992, a jury found Gattis guilty of first-degree murder, first-degree burglary, two counts of possession of a deadly weapon during commission of a felony ("PDWDCF"), and possession of a deadly weapon by a person prohibited ("PDWBPP").  The convictions arose from Gattis shooting his girlfriend on May 9, 1990.  After a majority of the jury found that the aggravating factors outweighed the mitigating factors, the Superior Court sentenced Gattis to death for first-degree murder.  The court also sentenced Gattis to fifty-three years of Level V incarceration for the other convictions.  This Court affirmed the Superior Court's judgment on appeal.[2]  Gattis subsequently filed unsuccessful challenges to his convictions and sentences in Delaware and federal courts.[3]

(3)     In 2012, Gattis petitioned for commutation of his death sentence to life imprisonment without the possibility of parole.  The Board of Pardons recommended the commutation of Gattis's death sentence with conditions.  The Governor accepted the recommendation and granted Gattis's petition for commutation subject to conditions.  The conditions included Gattis forever dropping all legal challenges to his conviction and sentence, as commuted, remaining in the James T. Vaughn Correctional Center for the remainder of his natural life unless constitutionally

---

[2] *Gattis v State*, 637 A.2d 808 (Del. 1994).
[3] *See, e.g., Gattis v. Delaware,* 513 U.S. 843 (1994) (denying Gattis's petition for a writ of certiorari); *Gattis v. Snyder*, 278 F.3d 222 (3d Cir. 2002) (affirming the district court's denial of Gattis's petition for a writ of habeas corpus); *Gattis v. State*, 955 A.2d 1276 (Del. 2008) (affirming the Superior Court's denial of Gattis's second motion for postconviction relief under Superior Court Criminal Rule 61).

required medical care was necessary, and knowingly and voluntarily accepting the conditions as determined in the Superior Court.

(4)     The Superior Court conducted a colloquy with Gattis concerning his acceptance of the commutation conditions, including his waiver of any future legal proceedings.  During his sworn colloquy, Gattis waived his right to, among other things, challenge any aspect of his commuted sentence for first-degree murder and his sentences for first-degree burglary, PDWDCF, and PDWBPP.  Gattis and his counsel also signed a Waiver of Any Further Legal Proceedings as a Condition of Commutation of Sentence that set forth the rights he was waiving.  The Superior Court found that Gattis knowingly and voluntarily accepted the conditions for commutation of his death sentence.  Subject to the conditions, the Governor commuted Gattis's death sentence to life without the possibility of parole on January 19, 2012.

(5)     In 2024, Gattis moved for a new sentencing order reflecting his election under 11 *Del. C.* § 4216(d) to be sentenced under the pre-TIS Act provisions of Title 11.[4]  He claimed that this was necessary to fix incorrect references to TIS Act sentences on his offender status sheet.  The Superior Court denied the motion, finding that Gattis was serving a mandatory life sentence and had accepted certain

---

[4] Section 4216(d) provides that an "individual convicted of a crime on or after January 1, 1990, which crime occurred prior to June 30, 1990, may elect to be sentenced under the provisions of the Truth-in-Sentencing Act of 1989 rather than under the prior provisions of this title."

conditions, including his service of a natural life term in prison, as part of the commutation of his death sentence. This appeal followed.

(6)    We review the denial of a motion for correction of illegal sentence for abuse of discretion.[5] To the extent a claim involves a question of law, we review the claim *de novo*.[6] A sentence is illegal if it exceeds statutory limits, violates the Double Jeopardy Clause, is ambiguous with respect to the time and manner in which it is to be served, is internally contradictory, omits a term required to be imposed by statute, is uncertain as to its substance, or is a sentence that the judgment of conviction did not authorize.[7]

(7)    In his opening brief, Gattis argues that the Superior Court erred in denying his motion because the TIS Act did not apply to the crimes he committed before June 29, 1990. He fails, however, to address his acceptance of the conditions for commutation of his death sentence by the Governor in 2012. The Delaware Constitution "vests the Governor, upon recommendation of the Board of Pardons, with sole power to grant reprieves, commutations of sentence, and pardons."[8] The power to commute a sentence includes the power to impose "conditions which do

---

[5] *Fountain v. State*, 2014 WL 4102069, at *1 (Del. Aug. 19, 2014).
[6] *Id.*
[7] *Brittingham v. State*, 705 A.2d 577, 578 (Del. 1998).
[8] *State v. Culp*, 152 A.3d 141, 147 (Del. Dec. 8, 2016) (citing Del. Const. art. VII, § 1).

4

not themselves offend the Constitution, but which are not specifically provided for by statute."[9]

(8)     As the Superior Court recognized, the conditions for commutation of Gattis's death sentence included Gattis agreeing to spend the remainder of his natural life in prison.  Gattis also knowingly and voluntarily waived his right to challenge any aspect of his commuted sentence for first-degree murder and his sentences for first-degree burglary, PDWDCF, and PDWBPP.  Given Gattis's acceptance of the conditions for commutation of his death sentence and waiver of his right to challenge any aspect of his sentences, the Superior Court did not err in denying his motion.

NOW, THEREFORE, IT IS ORDERED that the motion to affirm is GRANTED and the judgment of the Superior Court be AFFIRMED.

BY THE COURT:

/s/ Gary F. Traynor
Justice

---

[9] *Schick v. Reed*, 419 U.S. 256, 264 (1974).  *See also Heath v. State*, 983 A.2d 77, 80 (Del. 2009) ("The Board may attach to its recommendation, and the Governor may attach to her pardon, any condition deemed appropriate.").